FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*4:37 pm, Jul 27, 2026*
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: ________________

MIRNA TUFEKCIC,

Plaintiff,

v.

GAIA, INC., a Colorado corporation;

MIKE CHARY, individually;

BRYAN COOLEY, individually;

KIERSTEN MEDVEDICH, individually; and

MARGARET WOOLLEY, individually,

Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Mirna Tufekcic, appearing pro se, hereby files this Complaint against Defendants Gaia, Inc., Mike Chary, Bryan Cooley, Kiersten Medvedich, and Margaret Woolley, and alleges as follows:

## I. PRELIMINARY STATEMENT

This is an action for disability discrimination, failure to provide reasonable accommodation, retaliation, and sex/gender discrimination arising out of Plaintiff's employment with and wrongful termination from Gaia, Inc. Plaintiff brings this action pursuant to the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff exhausted her administrative remedies by filing charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Colorado Civil Rights Division (CCRD), and timely received Notices of Right to Sue from both agencies.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), as Plaintiff's claims arise under federal law.
2. This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in the State of Colorado, and Defendant Gaia, Inc. maintains its principal place of business in Louisville, Colorado, within the District of Colorado.
4. Plaintiff timely filed charges of discrimination with the EEOC and CCRD. The EEOC issued a Notice of Right to Sue on June 2, 2026 (Charge No. 32A-2025-00937). The CCRD issued a Notice of Right to Sue on April 27, 2026 (Complaint No. E2600028021). This Complaint is filed within 90 days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

## III. PARTIES

5. Plaintiff Mirna Tufekcic is a former employee of Gaia, Inc. who resided in Colorado at all times relevant to this action. Plaintiff's current address is 1938 N Pennsylvania St, Unit 3409, Denver, Colorado 80203.
6. Defendant Gaia, Inc. is a Colorado corporation with its principal place of business at 833 W. South Boulder Rd., Louisville, Colorado 80027. At all relevant times, Gaia, Inc. employed fifteen or more employees and is therefore subject to the ADAAA and Title VII.
7. Defendant Mike Chary was employed by Gaia, Inc. as Head of Email and Organic Growth and served as Plaintiff's direct supervisor at all times relevant to this action. He is sued in his individual capacity.
8. Defendant Bryan Cooley was employed by Gaia, Inc. as Vice President of Strategy, Business Intelligence, and Growth and served as Plaintiff's second-level supervisor at all times relevant to this action. He is sued in his individual capacity.
9. Defendant Kiersten Medvedich is the President and Chief Executive Officer of Gaia, Inc. and was directly involved in adverse employment decisions affecting Plaintiff. She is sued in her individual capacity.
10. Defendant Margaret Woolley was employed by Gaia, Inc. as Human Resources Manager and was directly involved in the handling of Plaintiff's internal discrimination

complaint and the termination of Plaintiff's employment. She is sued in her individual capacity.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Exemplary Performance

11. Plaintiff was employed by Gaia, Inc. as a Social Media Strategist from July 12, 2022 through her wrongful termination on January 13, 2025.
12. Throughout her employment, Plaintiff performed her duties at an exemplary level. No concerns regarding her professionalism, attitude, performance, or commitment were ever raised prior to her disclosure of her disabilities and engagement in protected activity.
13. In Plaintiff's 2023 annual performance review, completed and signed in April 2024, Defendant Chary commended Plaintiff's performance and recommended she be promoted to a Social Media Manager role.

### B. Plaintiff's Disabilities

14. Plaintiff suffers from chronic post-traumatic stress disorder (PTSD), anxiety, and depression, all of which predate her employment at Gaia, Inc.
15. These conditions constitute disabilities within the meaning of the ADAAA, as they substantially limit one or more major life activities including but not limited to concentrating, thinking, communicating, interacting with others, and the neurological and brain functions associated therewith.
16. Plaintiff's conditions are episodic in nature and substantially limiting when active, qualifying them as disabilities under the ADAAA's broadened definition of disability.

### C. Disclosure of Disabilities and Defendants' Discriminatory Response

17. In or around late summer 2024, Plaintiff began experiencing increased symptoms of her disabilities and raised the issue with Defendant Chary. His response was dismissive.
18. On December 4, 2024, during a one-on-one meeting, Plaintiff again informed Defendant Chary that she was feeling unwell and expressed concerns about an upcoming remote work policy change upon which she relied to manage her disability symptoms.

19. Defendant Chary's response was hostile and discriminatory. He attributed Plaintiff's mental health symptoms to a past romantic relationship, told her she needed to "move on," stated there was not much he could do, and questioned her "fit" and continued desire to work at Gaia.
20. During this same meeting, Defendant Chary revealed that he and Defendant Cooley had previously discussed Plaintiff's happiness at work and her mood, characterizing her disability-related behavior as negatively affecting company culture.
21. Plaintiff informed Defendant Chary that being included in more meetings and projects would help her feel less isolated, and that she needed time to consider additional specific accommodations. At no point did Plaintiff decline to discuss her mental health or potential accommodations.

**D. Hostile Work Environment Based on Sex**

22. Defendant Chary maintained a pattern of discriminatory and hostile conduct toward female employees throughout his tenure at Gaia, Inc.
23. Defendant Chary made repeated disparaging comments about female colleagues — including Christina Shay, Chelsea Newman, Giulia Flores, Carla Gamboa, Kelly Hoffman, Shelby Martin, and Plaintiff's predecessor Heather — characterizing them as too emotional, incompetent, or difficult to work with.
24. On at least two occasions, Defendant Chary openly expressed contempt for Chelsea Newman: first, by circulating revealing Instagram photos of her around the office and commenting that her physical appearance was the only reason she had been hired, and later by sending her a detailed written communication enumerating his personal grievances against her.
25. Defendant Chary told Plaintiff on more than one occasion that he hated managing her — a statement he made to other female employees as well, reflecting a pattern of sex-based hostility.
26. Chelsea Newman, Gaia's former Head of Digital Events and Partnerships, was terminated on October 8, 2024, after complaining about harassment and discrimination by Defendant Chary and then-CEO James Colquhoun, both of whom had made inappropriate comments about her appearance and made sexual overtures toward her. When Ms. Newman raised these concerns, Gaia terminated her employment.
27. The pattern of discriminatory treatment of female employees by Defendant Chary and other Gaia executives, including the termination of female employees who complained of

discrimination, demonstrates that Plaintiff's termination was part of a broader pattern and practice of sex discrimination at Gaia, Inc.

**E. Plaintiff's Protected Activity — Internal HR Complaint**

28. On or about December 13, 2024, Plaintiff filed a formal internal complaint with Defendant Woolley describing Defendant Chary's hostile response to her disability disclosure, identifying his conduct as discriminatory and retaliatory, and requesting both an investigation and guidance regarding mental health accommodations.
29. On December 17, 2024, Plaintiff met with Defendant Woolley to discuss the complaint. Rather than focusing on Plaintiff's discrimination and retaliation concerns, Defendant Woolley spent a significant portion of the meeting questioning Plaintiff's continued desire to work at Gaia based on a comment Plaintiff had posted on her private Instagram account more than a month earlier.
30. On December 20, 2024, Defendant Woolley informed Plaintiff that Defendant Chary had corroborated Plaintiff's account of their December 4 meeting. Despite this corroboration, Defendant Woolley declined to fully resolve Plaintiff's discrimination and retaliation concerns, encouraged Plaintiff to use PTO to address her mental health needs, and stated her intent to close the investigation.
31. Plaintiff acquiesced to the closure based on representations by Defendant Woolley and Defendant Cooley that a manager transition was forthcoming.

**F. Plaintiff's Protected Activity — Formal Accommodation Request**

32. On January 6, 2025, Plaintiff submitted a formal written request for reasonable accommodations to Defendant Woolley, Defendant Chary, and Defendant Cooley. The requested accommodations included: (1) permission to bring an emotional support animal to the office; (2) the ability to take breaks as needed; and (3) permission to leave work early on certain days to attend therapy sessions.
33. Other than an automated message stating that Defendant Woolley was out of the office until January 13, 2025, Plaintiff received no response to her accommodations request.
34. Defendants failed entirely to engage in the good-faith interactive process required by the ADAAA.

**G. Pretextual Investigation and Wrongful Termination**

35. On January 9, 2025 — three days after Plaintiff's formal accommodations request and less than four weeks after her internal HR complaint — Defendant Medvedich called Plaintiff into a meeting and confronted her with a false allegation that she had made an inappropriate and vulgar comment to a departing coworker, Molly Lucinda, on January 3, 2025.
36. Plaintiff denied making the alleged comment or any statement that could be construed as inappropriate.
37. Defendant Medvedich declined to identify the source of the accusation during the January 9 meeting.
38. Gaia purported to conduct an investigation into the allegation. That investigation was a sham. Critically, Gaia never attempted to contact Molly Lucinda — the only person who would have had direct knowledge of whether Plaintiff made the alleged comment.
39. The sole basis for the accusation was a statement by Robert Chavez, a Gaia facilities employee known by coworkers to make false and inappropriate statements about colleagues.
40. Gaia also referenced video surveillance footage purportedly showing Mr. Chavez near Plaintiff's desk. As described by Defendants, the footage is entirely consistent with Plaintiff's own account of events and proves nothing beyond the fact that a conversation between Mr. Chavez and Plaintiff occurred. The footage apparently showed Mr. Chavez approaching Plaintiff's desk unsolicited and making obscene sexual gestures — conduct for which he was never investigated or disciplined.
41. On January 13, 2025 — the same day Defendant Woolley returned from being out of the office, and the deadline by which Gaia was obligated to respond to Plaintiff's accommodations request — Defendants Medvedich and Woolley informed Plaintiff that her employment was terminated effective immediately for a purported code of conduct violation.
42. When Plaintiff asked how Gaia had substantiated the allegation against her, Defendant Medvedich refused to provide any information, stating only that the Company was free to "believe who we want to believe."
43. The temporal proximity between Plaintiff's protected activity and her termination, combined with the pretextual and sham nature of Gaia's purported investigation, demonstrates that Defendants' stated reason for termination was a pretext for unlawful discrimination and retaliation.

## V. CAUSES OF ACTION

### COUNT I — DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

42 U.S.C. § 12112

44. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
45. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA. Her chronic PTSD, anxiety, and depression substantially limit one or more major life activities.
46. Defendant Gaia, Inc. is a covered employer under the ADAAA.
47. Defendants discriminated against Plaintiff on the basis of her disability by subjecting her to a hostile and dismissive response to her disability disclosures, failing to engage in any good-faith interactive process regarding her reasonable accommodation request, and terminating her employment under pretextual circumstances following her disability disclosure and accommodation request.
48. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer damages including lost wages, lost benefits, emotional distress, and exacerbation of her disability symptoms.

### COUNT II — FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE ADAAA

42 U.S.C. § 12112(b)(5)

49. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
50. Plaintiff requested reasonable accommodations for her disabilities, including permission to bring an emotional support animal to the office, break flexibility, and modified hours to attend therapy sessions.
51. The requested accommodations were reasonable and would not have imposed an undue hardship on Gaia, Inc.
52. Defendants failed to respond to Plaintiff's formal accommodation request and failed entirely to engage in the interactive process required by the ADAAA.

53. As a direct and proximate result of Defendants' failure to accommodate, Plaintiff has suffered and continues to suffer damages including lost wages, lost benefits, emotional distress, and exacerbation of her disability symptoms.

**COUNT III — RETALIATION IN VIOLATION OF THE ADAAA**

42 U.S.C. § 12203

54. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
55. Plaintiff engaged in protected activity under the ADAAA by filing an internal HR complaint on December 13, 2024, and submitting a formal accommodation request on January 6, 2025.
56. Defendants retaliated against Plaintiff for engaging in protected activity by terminating her employment on January 13, 2025, based on an unsubstantiated allegation of misconduct following a sham investigation.
57. The temporal proximity between Plaintiff's protected activity and her termination — seven days between the accommodation request and termination — establishes a causal connection between the protected activity and the adverse employment action.
58. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer damages including lost wages, lost benefits, emotional distress, and exacerbation of her disability symptoms.

**COUNT IV — SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

42 U.S.C. § 2000e-2

59. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
60. Plaintiff is a female and a member of a protected class under Title VII.
61. Defendant Gaia, Inc. is a covered employer under Title VII.
62. Defendants subjected Plaintiff to discriminatory treatment on the basis of her sex, including but not limited to: a hostile work environment created and maintained by Defendant Chary through his pattern of disparaging, demeaning, and hostile treatment of female employees; the termination of Plaintiff's employment as part of a broader pattern and practice of terminating female employees who complained of discrimination or requested accommodations.

63. Similarly situated male employees were not subjected to the same hostile treatment, disciplinary actions, or termination under comparable circumstances.
64. As a direct and proximate result of Defendants' sex discrimination, Plaintiff has suffered and continues to suffer damages including lost wages, lost benefits, emotional distress, and harm to her professional reputation.

**COUNT V — RETALIATION IN VIOLATION OF TITLE VII**

42 U.S.C. § 2000e-3

65. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
66. Plaintiff engaged in protected activity under Title VII by opposing discriminatory practices and complaining of sex-based hostile treatment through her internal HR complaint filed December 13, 2024.
67. Defendants retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment under pretextual circumstances on January 13, 2025.
68. As a direct and proximate result of Defendants' retaliatory conduct under Title VII, Plaintiff has suffered and continues to suffer damages including lost wages, lost benefits, emotional distress, and harm to her professional reputation.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mirna Tufekcic respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

1. Back pay and lost benefits from January 13, 2025 through the date of judgment;
2. Front pay representing future lost earnings and benefits;
3. Compensatory damages for emotional distress, pain and suffering, and exacerbation of disability symptoms;
4. Punitive damages based on Defendants' malicious and reckless disregard for Plaintiff's federally protected rights;
5. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and 42 U.S.C. § 2000e-5(k);
6. Pre- and post-judgment interest;
7. Any other relief this Court deems just and proper.

Plaintiff seeks damages in excess of $300,000, exclusive of punitive damages, attorneys' fees, and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted,

Mirna Tufekcic, Pro Se



1938 N Pennsylvania St, Unit 3409

Denver, Colorado 80203

303-908-6986

mirna.amongus@gmail.com

July 27, 2026