IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-003417-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

MIRNA TUFEKCIC,

Plaintiff,

v.

GAIA, INC., a Colorado corporation, *et al.*

Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

On July 27, 2026, Plaintiff Mirna Tufekcic submitted to the Court a *pro se* Complaint and Jury Demand (ECF No. 1),[1] in which she asserts claims for employment discrimination and retaliation under the ADA and Title VII, and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the submitted documents are deficient as described in this order.

[1] "(ECF No. 1)" identifies the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).

Plaintiff is directed to cure the following deficiencies to pursue any claims in this action.

**Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915**:

(1) __ is not submitted
(2) __ is missing affidavit
(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) __ is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) __ is missing authorization to calculate and disburse filing fee payments
(7) __ is missing an original signature by the prisoner
(8) _ is not on proper form
(9) __ names in caption do not match names in caption of complaint, petition or habeas application
(10) __ other:

**Complaint, Petition or Application**:

(11) __ is not submitted
(12) xx is not on proper form (must use the current court-approved Complaint form **or** court-approved Employment Discrimination Complaint form)
(13) __ is missing an original signature
(14) __ is missing page nos.
(15) __ uses et al. instead of listing all parties in caption
(16) __ names in caption do not match names in text
(17) xx other: If Plaintiff is pursuing an employment discrimination action, he must attach a copy of the administrative charge of discrimination and notice of right to sue letter as required under Section E of the court-approved Employment Discrimination Complaint form. If he is not pursuing an employment discrimination action, he must adequately allege federal jurisdiction and his pleading must comply with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is advised that she may contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

Accordingly, it is ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

It is FURTHER ORDERED that Plaintiff shall obtain the current court-approved Complaint form **or** Employment Discrimination Complaint form, which is available, along with the applicable instructions, at www.cod,uscourts.gov. Plaintiff shall use the court-approved forms to cure the filing deficiencies. **The Complaint must include all of Plaintiff's claims, allegations, and requests for relief; the Court will not accept references to prior documents, supplements, multiple iterations of the complaint, multiple amendments to the complaint, motions, or piecemeal filings.**

It is FURTHER ORDERED that, if Plaintiff fails to cure all of the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice. However, **Plaintiff is warned** that, even if this case is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing employment discrimination

claims expires. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).

DATED July 29, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge